MICHAEL P. MARTIN [SBN 190213]
FISCHBACH, PERLSTEIN, LIEBERMAN &
ALMOND, LLP
1925 Century Park East, Suite 2050
Los Angeles, California 90067-2746
Telephone: (310) 556-1956
Facsimile: (310) 556-4617
Email: mmartin@fpllaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMCOR INDUSTRIES, INC. a/k/a GORILLA AUTOMOTIVE PRODUCTS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CUSTOM AUTO OF REXBURG, LLC DBA GORILLA PERFORMANCE, a California Corporation, and DOES 1-10.<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; STATE TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION; STATE UNFAIR COMPETITION; FEDERAL TRADEMARK DILUTION; AND STATE TRADEMARK DILUTION |

Plaintiff AMCOR INDUSTRIES, INC. a/k/a GORILLA AUTOMOTIVE PRODUCTS (hereinafter referred to as "Plaintiff") complains and alleges as follows:

## JURISDICTION AND VENUE

1.  This action arises under the Lanham Act, as amended (15 U.S.C. §§


1114, 1116, 1117, 1125(a), and 1125(c)); California Business & Professions Code §§ 14320, 14330, 17200, *et seq.*, and 17500; and California common law. Jurisdiction is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). Jurisdiction is also proper pursuant to this Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367 in that the state law claims alleged herein are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and 1391(c) in that Defendants transact business in this Judicial District and a substantial part of the events or omissions giving rise to the claims herein occurred within this Judicial District.

## THE PARTIES

3. Plaintiff AMCOR INDUSTRIES, INC. a/k/a GORILLA AUTOMOTIVE PRODUCTS ("Plaintiff") is a California corporation, having its principal place of business located at 2011 E. 49th Street, Los Angeles, CA 90058. Plaintiff is the exclusive owner of the trademarks which form the basis of this action.

4. a. Plaintiff is informed and believes, and on such basis alleges, that Defendant CUSTOM AUTO OF REXBURG, LLC DBA GORILLA PERFORMANCE, an Idaho Limited Liability Company (hereinafter individually "Defendant") is a California Corporation, having a principal place of business at

220 N. Park Avenue, Sugar City, ID 83448, and is conducting business in California, including this Judicial District and is likewise conducting specific business complained of in this complaint in California, in this Judicial District.

b. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 - 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

c. Plaintiff is informed and believes, and on such basis alleges that each of the aforementioned Defendants acted at all times alleged herein as the agent, employee, representative, and/or alter ego of the other Defendants; is responsible in some manner for the occurrences alleged herein; and caused the injuries alleged herein.

## GENERAL ALLEGATIONS
## PLAINTIFF AND THE GORILLA MARKS

5. Plaintiff manufactures, sells, distributes, advertises, and licenses various types of automotive and motorcycle parts and accessories, all terrain vehicle parts and accessories, and trailer parts and accessories under its well-known GORILLA and Gorilla Design trademarks .

6. Plaintiff utilizes its GORILLA trademarks in various combinations on its products, in sales catalogs and in advertising to identify them as originating from Plaintiff.

7. Plaintiff's GORILLA marks are extremely well-known in the United States, Canada, Mexico and worldwide. This high level of name recognition among the public gives these marks lucrative appeal.

8. In addition to the longstanding, international use and goodwill mentioned above, Plaintiff has registered its GORILLA marks at the United States Federal level, in California, Mexico and Canada. Presently, Plaintiff is the owner of the following U.S. Federally Registered trademarks, among others: No. 3542492 for the mark (Gorilla Design); No. 3566327 for the mark GORILLA GUARD; No. 3381925 for the Mark G; No. 1,988,115 for the mark (Gorilla Design); No. 1,914,798 for the mark GORILLA (Stylized); No. 1,863,650 for the mark GORILLA (and Gorilla Design); No. 1,863,649 for the mark GORILLA (Stylized); No. 1,706,562 for the mark THE GORILLA GRIP; No. 1,711,516 for the mark GORILLA; No. 1,483,315 for the mark GORILLA; No. 3,674,934 for the mark GORILLA AXLE; No. 3,657,209 for the mark GORILLA GUARD; No. 3,582,128 for the mark TEAM GORILLA; and No. 3786673 for the mark GORILLA-LIFT; No. 4390808 for the mark GORILLA; No. 4786520 for GORILLA X2 WHEEL LOCKS.

9. Plaintiff's above referenced trademarks are hereinafter collectively referred to as "the GORILLA Marks."

10. Plaintiff has been using said marks since at least August, 1983 and has been using said marks in interstate commerce since at least August, 1983.

11. In addition, as a result of Plaintiff's efforts through advertising, promotions, sales, and customer service, as well as favorable recommendations by Plaintiff's customers, Plaintiff's GORILLA products have achieved enormous popularity among the public. As a result of these efforts and Plaintiff's exclusive use of the GORILLA Marks, the GORILLA Marks have acquired substantial goodwill and secondary meaning for a long period of time, serving as an indicator of Plaintiff as the source of origin of its products.

12. By virtue of the GORILLA Marks' inherent distinctiveness and acquired secondary meaning; the long duration and international usage exclusively by Plaintiff of the GORILLA Marks for automotive and motorcycle accessories, and related products; Plaintiff's extensive advertising and publicity of the GORILLA Marks; and the extremely high degree of recognition of the mark in the trading areas and channels of trade used by Plaintiff; the GORILLA Marks, and each of them, are famous under 15 U.S.C. § 1125(c)(1) of the Federal Trademark Dilution Act of 1995.

**Defendants' Unlawful Conduct: Trademark Infringement, Unfair Competition and Trademark Dilution**

13. Plaintiff is informed and believes, and on such basis alleges, that Defendant markets and sells automotive accessories under the name GORILLA and a confusingly similar Gorilla Design.

14. Plaintiff is informed and believes, and on such basis alleges, that

Defendant has advertised its goods using the GORILLA and Gorilla Design marks in national magazines and on the Internet at www.gorilladp.com, where consumers confuse its products with Plaintiff's products sold right alongside one another and in search results as well as at automotive trade shows right alongside Plaintiff's products and shares at least one distributor, Meyer Distributing.

15. Defendant has no right, license or other authority from Plaintiff to use any of the GORILLA Marks for any purpose.

16. Plaintiff is informed and believes, and on such basis alleges, that Defendant knew of the GORILLA Marks and that the same were owned by someone other than themselves; knew that the GORILLA Marks were distinctive and famous; and knew that Defendant had not received any authority from Plaintiff to use the GORILLA Marks or any other marks confusingly similar thereto, for any purposes.

17. Defendant's unlawful activities result in irreparable injury and damage to Plaintiff's reputation.

18. Additionally, Defendant's unlawful activities injure the public by depriving the public of the right to be free of confusion in the marketplace.

19. Plaintiff is informed and believes, and on such basis alleges, that Defendant has deliberately, willfully, and maliciously used the GORILLA Marks in order to trade on the goodwill that Plaintiff has attained in the GORILLA Marks, to dilute the GORILLA Marks and to confuse the public into believing that

Defendant's unauthorized use is licensed or authorized by Plaintiff.

## FIRST CLAIM FOR RELIEF

(Federal Trademark Infringement)

20. This claim for relief arises under 15 U.S.C. § 1114 and is alleged against all Defendants.

21. Plaintiff reallege the allegations in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

22. Plaintiff is the owner of the Federally Registered trademarks, including the GORILLA Marks set forth above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

23. Plaintiff is informed and believes, and on such basis alleges, that Defendants are using marks confusingly similar or identical to the GORILLA Marks.

24. Defendants have not been authorized by Plaintiff to use any GORILLA Marks or any mark similar thereto, for any purpose whatsoever, including the use of the GORILLA Marks in connection with automotive accessories and goods or services related thereto in any manner.

25. Defendants' unauthorized use of the GORILLA Marks or any mark similar thereto is likely to confuse the public as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

26. Defendants' unauthorized use is likely leading the public to believe

Defendants' goods are sponsored by Plaintiff, or with the permission, approval or endorsement of Plaintiff.

27. Defendants' unlawful activities injure the public by depriving the public of the right to be free from confusion in the marketplace.

28. By reason of this unauthorized use of the GORILLA Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

29. Plaintiff is informed and believes, and on such basis alleges, that this infringing use by Defendants has been deliberate and willful, entitling Plaintiff to increased damages and attorney's fees.

30. Plaintiff is informed and believes, and on such basis alleges, unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights and cause confusion, deception and mistake among the trade and the consuming public as to the source and sponsorship of the goods provided and sold by Defendants.

31. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Defendants will continue to use the GORILLA Marks, thus continuing to infringe upon Plaintiff's rights.

32. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(California Trademark Infringement)

33. This claim for relief arises under California Business & Professions Code § 14320 and California common law and is alleged against all Defendants.

34. Plaintiff realleges the allegations in paragraphs 21 through 32 of this Complaint as though fully set forth herein.

35. Plaintiff is the owner of common law trademarks, trademarks registered in the state of California, and federally registered trademarks, including the GORILLA Marks set forth above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

36. Defendants' unauthorized use of marks confusingly similar to the GORILLA Marks is likely to confuse the public as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

37. Defendants have infringed upon Plaintiff's rights by using marks confusingly similar to the GORILLA Marks in connection with their goods well after Plaintiff had used the GORILLA Marks and made them famous.

38. By reason of this unauthorized use of marks confusingly similar to the Plaintiff's Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial

injury, loss and damage in an amount according to proof.

39. Plaintiff is informed and believes, and on such basis alleges, that this infringing use by Defendants has been deliberate and willful, entitling Plaintiff to increased damages and attorney's fees.

40. Plaintiff is informed and believes, and on such basis alleges, unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights and cause confusion, deception and mistake among the trade and the consuming public as to the source of the goods sold by Defendants.

41. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

42. Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(Federal Unfair Competition)

43. This claim for relief arises under 15 U.S.C. § 1125(a) and is alleged against all Defendants.

44. Plaintiff realleges the allegations in paragraphs 34 through 42 of this Complaint as though fully set forth herein.

45. As alleged previously, Plaintiff is the owner of the GORILLA Marks, which trademarks have acquired substantial goodwill and secondary meaning.

46. As also alleged above, Defendants have used marks confusingly

10

COMPLAINT

similar to the GORILLA Marks in connection with Defendants' vehicle accessories and products, without permission or authority from Plaintiff.

47. Defendants have not obtained from Plaintiff any license or other permission to use any of the GORILLA Marks or marks confusingly similar thereto for any purpose whatsoever.

48. Defendants' unauthorized use and registration of marks confusingly similar to the GORILLA Marks, constitutes a false designation of origin and false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive customers and potential customers as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

49. Defendants' above-mentioned use and registration of the GORILLA Marks, and marks confusingly similar thereto constitute violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

50. Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these acts of false designation of origin and false representation, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

51. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

52. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

(California Unfair Competition)

53. This claim for relief arises under the California Business & Professions Code §§17200, *et seq.* and 17500 and is alleged against all Defendants.

54. Plaintiff realleges the allegations in paragraphs 44 through 52 of this Complaint as though fully set forth herein.

55. Defendants' conduct is unfair and deceptive behavior pursued in the course of their businesses in that their actions were likely to deceive present and potential customers of Defendants and of Plaintiff.

56. Defendants have willfully decided to unfairly compete with Plaintiff by misappropriating Plaintiff's proprietary Marks by unlawfully using marks confusingly similar to Plaintiff's proprietary marks in an attempt to trade on Plaintiff's goodwill and confuse consumers as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

57. Defendants have unlawfully derived income and profits from their activities and will continue to so derive income and profits from their acts of unfair competition, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

58. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will
12

COMPLAINT

continue to suffer irreparable harm and injury.

59. Plaintiff has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

(Federal Trademark Dilution)

60. This claim for relief arises under 15 U.S.C. §1125(c) and is alleged against all Defendants.

61. Plaintiff realleges the allegations in paragraphs 54 through 59 of this Complaint as though fully set forth herein.

62. Plaintiff is the owner of the GORILLA Marks, set forth above. These trademarks are inherently distinctive, have acquired substantial goodwill and secondary meaning, and are famous within the meaning of 15 U.S.C. § 1125(c)(1) of the Federal Trademark Dilution Act of 1995.

63. Defendants are using marks confusingly similar to the GORILLA Marks without authorization from Plaintiff in connection with the vehicle parts and accessories.

64. Defendants have not been authorized by Plaintiff to use any of the GORILLA Marks or any marks confusingly similar thereto for any purpose whatsoever, including the advertisement and sale of with the vehicle parts and accessories, namely onboard vehicle electronics.

65. Defendants' use of marks confusingly similar to the GORILLA Marks dilutes the marks by lessening their capacity to identify and distinguish Plaintiff's

goods in the stream of commerce.

66. Defendants' use of marks confusingly similar to the GORILLA Marks occurred only after the marks had become famous.

67. By reason of this unauthorized use of marks confusingly similar to the GORILLA Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these diluting acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

68. Plaintiff is informed and believes, and on such basis alleges that, through this use, Defendants deliberately and willfully intended to trade on the goodwill that Plaintiff has attained in the GORILLA Marks and to cause dilution of the GORILLA Marks, entitling Plaintiff to increased damages and attorney's fees.

69. Plaintiff is informed and believes, and on such basis alleges that, unless restrained and enjoined by this Court, Defendants will continue to use marks confusingly similar to the GORILLA Marks, thus continuing to cause the dilution of the GORILLA Marks.

70. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

71. Plaintiff has no adequate remedy at law.

## SIXTH CLAIM OF RELIEF

(California Trademark Dilution)

72. This claim for relief arises under California Business & Professions Code § 14330, and is alleged against all Defendants.

73. Plaintiff realleges the allegations of paragraphs 61 through 71 of this Complaint as though fully set forth herein.

74. Plaintiff is the owner of common law trademarks, trademarks registered in the state of California, and federally registered trademarks, including the GORILLA Marks set forth above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning and well known and famous.

75. Plaintiff is informed and believes, and on such basis alleges that Defendants, with full knowledge of the public recognition of the GORILLA Marks, have used marks confusingly similar to the GORILLA Marks on their goods without authorization from Plaintiff after Plaintiff's marks became well known and famous.

76. The aforementioned actions of Defendants have caused, and are likely to continue to cause, injury to Plaintiff's business and professional reputation and to dilute the distinctive quality of the GORILLA Marks in violation of Section 14330 of the California Business & Professions Code.

77. Defendants' activities have caused Plaintiff irreparable injury and

unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

78. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court issue a preliminary injunction restraining, enjoining and prohibiting Defendants, and their officers, agents, employees and attorneys, and any person in active concert or participation with them or who are acting under their direction, and each of them, from the following:

(a) diluting the GORILLA Marks and damaging Plaintiff's goodwill, reputation and business related thereto,

(b) using the GORILLA Marks in any manner, and from causing, contributing to or participating in, the unauthorized display and/or distribution of the GORILLA Marks to the public in connection with any service or product,

(c) engaging in conduct which tends falsely to represent or is likely to confuse, mislead or deceive members of the public,

(d) Otherwise unfairly competing with Plaintiff in any manner, and

(e) Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

2. That this Court issue a permanent injunction, prohibiting Defendants from directly or indirectly diluting or infringing the GORILLA Marks, and in any manner unfairly competing with Plaintiff; and from inducing, or contributing to or

participating in any such acts referred to in paragraph 1 of this prayer;

3. That the Court award Plaintiff its damages from Defendants including recovery of any compensatory damages sustained by Plaintiff as a result of Defendants' diluting, infringing and/or tortuous activities described herein;

4. That the Court order Defendants to account for all gains, profits and advances derived by Defendants from the acts complained of, together with appropriate interest thereon;

5. That the Court further award Plaintiff an increase in damages in an amount found or assessed as a result of willful acts of trademark dilution, trademark infringement, and unfair competition under 15 U.S.C. § 1117;

6. That Defendants pay Plaintiff's costs and disbursements in this action, together with reasonable attorneys' fees;

7. That Plaintiff be awarded punitive damages; and

8. That Plaintiff have such other and further relief as the Court may deem just and proper.

DATED: November 5, 2015        FISCHBACH, PERLSTEIN,
                               LIEBERMAN & ALMOND, LLP

                               By: _____
                               Michael P. Martin
                               Attorneys for Plaintiff, Amcor
                               Industries, Inc.